Jimmy Lee SMITH,
Petitioner–Appellant,

v.

Richard L. DUGGER, Secretary, Florida
Department of Corrections,
Respondent–Appellee.

No. 89–3494.

United States Court of Appeals,
Eleventh Circuit.

Aug. 22, 1990.

Rehearing and Rehearing In Banc Denied
Oct. 30, 1990.

Gregg D. Thomas, Steven L. Brannock, Carol Jean LoCicero, Holland & Knight, Tampa, Fla., Sarah M. Bleakley, Tallahassee, Fla., for petitioner-appellant.

Robert A. Butterworth, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for respondent-appellee.

Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

In this capital sentence case, we review the district court's refusal to grant the appellant, Jimmy Lee Smith, the writ of habeas corpus, despite the directions of our mandate and its finding, after an evidentiary hearing, that Smith's counsel unreasonably failed to move to suppress Smith's confessions. We reverse and remand with directions that the district court grant the writ of habeas corpus.

## FACTS

On May 2, 1978, law enforcement officers in Jackson County, Florida, arrested Smith on a forgery charge.[1] One day later, Smith became a suspect in the murders of Bonnie Myrle Ward and her daughter, Donna Lynn Strickland, because the evidence which lead to Smith's arrest for forgery also connected him to the murders. Ron Steverson of the Jackson County Sheriff's Department informed Smith's counsel on the forgery charge, an assistant public defender, that Smith was the prime suspect in the murders. Smith's counsel advised him not to talk with law enforcement officers. Later that same day, however, Steverson questioned Smith about the murders without notifying counsel or counsel being present. Smith confessed to the murders.

---

1. For a more detailed exposition of the facts and procedural history of this case, *see Smith v. Wainwright,* 777 F.2d 609 (11th Cir.1985), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986).

On May 4, 1978, law enforcement officers arrested Smith for the murders, and Steverson again interrogated him without notifying counsel. During this and other interrogations, Smith repeatedly confessed to the murders. A jury convicted Smith of both murders, and the state judge sentenced him to death on both murders. The Florida Supreme Court affirmed the convictions and sentences of death. *Smith v. State,* 407 So.2d 894 (Fla.1981), *cert. denied,* 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982).

In response to his second federal habeas corpus petition, this court determined that Smith was entitled to an evidentiary hearing on his claim that he was denied effective assistance of counsel. Our determination was based on counsel's failure to move for suppression of the confessions on the ground that they were illegally coerced. *Smith v. Wainwright,* 777 F.2d 609 (11th Cir.1985), *cert. denied,* 477 U.S. 905, 106 S.Ct. 3275, 91 L.Ed.2d 565 (1986) (*Smith I*). On remand of the case, we directed its future course: "Having concluded that Smith was prejudiced by his trial counsel's failure to move to suppress Smith's numerous confessions, the only issue on remand is whether trial counsel's performance was reasonable under the performance prong of *Strickland.*" *Smith I,* 777 F.2d at 617. We expressly held that "[i]f trial counsel's decision not to move to suppress the confessions was unreasonable, the district court should grant the writ of habeas corpus." *Smith I,* 777 F.2d at 620.

## PROCEDURAL HISTORY

Pursuant to this court's mandate, the district court held an evidentiary hearing and ruled that Smith's counsel had unreasonably failed to move to suppress the confessions.

> I find that it was unreasonable for trial counsel not to file some motion which attempted to limit the use of the confessions at trial. Therefore, I find that

Smith's trial counsel was ineffective for failing to investigate the circumstances of his [Smith's] confessions and for failing to file some motion to limit the admission of some or all of these confessions into evidence.

The district court denied the writ, however, ruling that Smith had not established the prejudice prong of the test in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he had voluntarily waived his privilege against self-incrimination and the right to have counsel present during questioning.[2]

## CONTENTIONS OF THE PARTIES

Smith contends that the district court erred by refusing to grant the writ of habeas corpus after finding that Smith's counsel unreasonably failed to investigate the circumstances of the confessions and unreasonably failed to file a motion to suppress the confessions. Smith argues that the district court erroneously interpreted our mandate by ruling that Smith could only prevail on his ineffective assistance claims if he proved that a motion to suppress the confessions would have succeeded. According to Smith, the district court also erred in not finding the writ compelled under the standard for ineffective assistance of counsel in *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

The state contends that the district court properly refused to grant the writ of habeas corpus because Smith failed to demonstrate actual prejudice due to his counsel's ineffectual assistance.

## ISSUE

The issue presented is whether the district court erred by failing to issue the writ of habeas corpus upon finding that Smith's counsel unreasonably failed to move for the suppression of the confessions.[3]

---

**2.** The district court also ruled that Smith's death sentences were unconstitutional under *Hitchcock v. Dugger,* 481 U.S. 393, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987), but that the error was harmless because Smith personally asked the jury for death in the sentencing phase.

**3.** Because we remand this case on the claim of ineffective assistance of counsel, we do not

## DISCUSSION

Our review of Smith's ineffective assistance of counsel claim is plenary because it presents a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984). *Strickland* establishes a two-pronged test for determining whether a defendant has received ineffective assistance of counsel. Under the first prong, the court must determine whether counsel's performance was inside "the wide range of professionally competent assistance," so as "to make the adversarial testing process work in the particular case." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

Under the second prong of the test, the court must determine whether the deficient performance actually prejudiced the defendant's case. To satisfy the prejudice prong of the test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068–69. "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

We remanded this case to allow the district court to conduct an evidentiary hearing to establish facts regarding the performance prong of the test. The district court properly found that counsel's failure to move to suppress Smith's confessions—confessions critical to the state's case—was unreasonable and outside the wide range of professionally competent assistance. Based on our mandate in *Smith I*, the district court should have granted the writ of habeas corpus upon finding counsel's performance unreasonable. Instead,

the district court revisited our finding that counsel's failure to move for the suppression of the confessions constituted prejudice, the inquiry under the second prong of *Strickland*.

In *Smith I*, we held that "[b]ecause Smith's trial counsel failed to move to suppress the confessions, the state's case was not subjected to the meaningful adversarial testing which is required under our system of justice. On the present record, we find that Smith suffered prejudice because of this failure." *Smith v. Wainwright*, 777 F.2d at 617. The district court concluded that our finding of prejudice was not the law of the case because of our comment that "[o]n the present *record*, we find that Smith suffered prejudice...." (Emphasis supplied.) Upon reviewing the evidence presented at the evidentiary hearing, the district court determined that a motion to suppress the confessions would have failed.

In this case, the proper standard for determining prejudice under *Strickland*, however, is whether the failure to investigate and make the motion to suppress rendered the proceeding itself unfair, even if such failure "cannot be shown by a preponderance of the evidence to determine the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. The record before us in *Smith I* sufficiently demonstrated that counsel's deficient performance prejudiced Smith's case. We concluded that counsel's "failure to move to suppress the confessions was *extremely* prejudicial to Smith" because Smith's confessions constituted the primary evidence in the state's case. *Smith v. Wainwright*, 777 F.2d at 616–17 (emphasis original). "Without the confessions, conviction for first degree murder was probably impossible." *Smith v. Wainwright*, 777 F.2d at 617. Our mandate only called for an evidentiary hearing as to the unreasonableness of counsel's performance. We stated: "If trial counsel's decision not to move to suppress the confessions was unreasonable, the district court

reach the other issue on appeal: whether the district court erred in holding that the *Hitchcock*

violation constituted harmless error.

should grant the writ of habeas corpus." *Smith v. Wainwright*, 777 F.2d at 620.

The district court found that counsel's decision not to move to suppress Smith's confessions was an unreasonable choice based on an inadequate investigation of the facts. The interrogation leading to Smith's first confession on May 3rd began at 11:17 p.m. and lasted for two hours. Smith did not confess until near the end of the interrogation. More importantly, the waiver of rights form dated May 3rd is not signed, and has two *"no"* answers to the questions whether Smith was willing to waive his right to have an attorney present and whether no threats or coercion had been used to make him confess. As the district court noted, "[t]his document offers a defense attorney significant ammunition in rebutting the state's argument that the confession was voluntarily made."

When Smith's counsel learned of the confession the next day, he told Smith that he had "put his neck in the noose," and "You have really shit in your hat now." Counsel failed to question Smith about the circumstances of the confession or to independently investigate the interrogation sessions. Furthermore, although the waiver form was in his files, counsel did not become aware of the unsigned May 3 waiver statement until eight years later during his deposition for the evidentiary hearing concerning ineffective assistance of counsel. Counsel's ineffective assistance to Smith at this crucial time following the initial, suspect confession may have undermined Smith's willingness to adequately prepare or participate in his defense.[4]

Based on these facts the district court found that "counsel's decision to limit his investigation concerning the confessions and not at least discuss the possibility of suppressing the statements with Smith not within the scope of reasonable professional judgment." Ample evidence supports the district court's conclusion that "it was un-

reasonable for trial counsel not to file some motion which attempted to limit the use of the confessions at trial." Therefore, we affirm the district court's finding that Laramore's failure to file some motion in an attempt to limit the use of the confessions at the trial was unreasonable under the *Strickland* test.

## CONCLUSION

Because we found that Smith established the prejudice prong of the *Strickland* test for ineffective assistance of counsel in *Smith I*, and because we affirm the district court's finding that counsel's performance was unreasonable under the performance prong of *Strickland*, we hold that Smith has proved his ineffective assistance of counsel claim, and we remand to the district court with directions that it grant the writ of habeas corpus conditioned upon a retrial within a reasonable time.

AFFIRMED in part, REVERSED in part, and REMANDED with directions.

KRAVITCH, Circuit Judge, specially concurring:

I am fully in accord with the result reached by the panel in this case. I write separately because I am not persuaded that the law of the case doctrine foreclosed the district court's inquiry into the likelihood of the suppression motion's success. Although *Smith I* dispositively determined that the failure to suppress the confessions was prejudicial, it did not address the likelihood of the motion's success on the merits. Therefore, I do not believe the district court was precluded from examining that issue.

I join the panel's conclusion however because, in my opinion, the district court's holding that a motion to suppress would not have succeeded on the merits is erroneous. The district court erred in interpreting *Strickland* to require the plaintiff to

---

**4.** Smith testified at the evidentiary hearing that his consultation with counsel following the first confession left him with a feeling of hopelessness and despair, a feeling that nothing could be done for his defense.

Because we hold that Smith received ineffective assistance of counsel under the *Strickland* test, we need not reach his claims of ineffective assistance of counsel under *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

establish as a certainty that the motion would have succeeded. *Strickland* only requires a showing of a reasonable probability that the trial result would have been different. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Given the critical role of the confessions in Smith's conviction, a reasonable probability that the motion to suppress would have been granted would suffice in this case to find a *Strickland* violation. The record, as indicated in part by the majority opinion, provides compelling if not overwhelming support for a finding that the confessions would have been suppressed. This evidence is more than "sufficient to undermine confidence in the outcome" of the case. *Id.* Because I would find a *Strickland* violation on the merits, I agree with the majority that the district court must be reversed and the writ should issue.